KENSTON TRUCKING COMPANY, INC., et al., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

Nos. 131, 132, Dockets 76–4108, 76–4140.

United States Court of Appeals, Second Circuit.

Argued Nov. 16, 1976.

Decided Nov. 19, 1976.

Richard M. Gaba, Mineola, N. Y. (Stephen E. Zweig, Uniondale, N. Y., of counsel), for petitioner.

Elinor H. Stillman, Washington, D. C. (Allison W. Brown, Jr., and Mary Schuette, Attys., John S. Irving, Jr., Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Carl L. Taylor, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., on the brief), for respondent.

Before LUMBARD, WATERMAN and MULLIGAN, Circuit Judges.

PER CURIAM:

This is a petition by Kenston Trucking Company, Inc., Kenston Warehousing Corp., and Rhein Express, Inc. (hereinafter "the company" or "Kenston")[1] for review of a

---

1. As the Board points out in its brief at footnote 1, "[o]n March 11, 1975, the three named companies stipulated that for the purposes of this proceeding they constitute an integrated enterprise which is the successor in interest to

supplemental decision and order of the National Labor Relations Board, an order which pertained to the amount of backpay due a former Kenston employee. The National Labor Relations Board filed a cross-application for enforcement of the order.

In the underlying National Labor Relations Board proceeding the company was found guilty of committing various unfair labor practices. The Board's order in that proceeding, which order was enforced by this court on April 11, 1974, required, among other things, that the company offer Thomas Walker, a former company employee whom the Board found had been discriminatorily discharged, reinstatement to his former or a substantially equivalent position, and that Walker be made whole for any loss of earnings resulting from his illegal discharge.

On August 4, 1975, a hearing was held, in part, to consider an issue concerning the amount of backpay that the company owed Walker. The company took the position that at a meeting with Walker in June of 1973 the company had made, as required, an unconditional offer of reinstatement to him. Walker, on the other hand, denied this, claiming that the offer had been conditioned upon his settling his backpay claim against the company. The administrative law judge who heard the evidence at the hearing, at which only Walker and the company's president, a Mr. Luhrs, testified, credited Luhrs's testimony and discredited Walker's testimony. Furthermore, he found that the company had "made to Walker an unconditional offer of reinstatement to his former position, which Walker rejected, and therefore [the company's] backpay obligations to Walker terminated as of that date." The administrative law judge then concluded that the amount "due to Thomas Walker as backpay" was "$2,098, together with interest thereon."

By a divided vote of two to one, a three-member National Relations Board panel ruled, however, that the alleged unconditional offer of reinstatement, found by the administrative law judge to have been made, had not been made; and that therefore the company's backpay liability terminated at a much later date, namely, on February 21, 1975, when Walker became incapacitated for the type of work he had been performing at Kenston.[2] While the two-member majority did not disturb the administrative law judge's findings on credibility, it did disagree that the testimony of the company president supported the finding of an unconditional offer. The Board then ordered the company to pay to Walker backpay in the amount of $12,544.[3]

We have reviewed the record in this matter and are persuaded, as were the administrative law judge and the dissenting member of the National Labor Relations Board panel, that there is a lack of substantial evidence on the record as a whole, see 29 U.S.C. § 160(e), to support the Board's finding that the company did not make an

Kenston Trucking Company, Inc., respondent in the underlying unfair labor practice proceeding."

**2.** Both the administrative law judge and the Board noted that no backpay was claimed for the fourth quarter of 1972 and for all of 1973 because Walker's earnings for each of those quarters exceeded the earnings he would have had if he were then employed by Kenston.

**3.** The full text of the Board's order reads as follows:

ORDER

Pursuant to Section 10(c) of the National Labor Relations Act, as amended, the National Labor Relations Board hereby orders that the Respondents, Kenston Trucking Company, Inc., Kenston Warehousing Corp. and Rhein Express, Inc., Brooklyn, New York, their officers, agents, successors, and assigns, shall:

1. Pay to the discriminatee, Thomas Walker, as net backpay the amount of $12,544.

2. In addition to the above amount, pay interest at the rate of 6 percent per annum computed on the basis of each quarterly amount of net backpay due, less any tax withholding required by law.

Dated, Washington, D. C. March 30, 1976
s/ John H. Fanning, Member
s/ John A. Penello, Member
NATIONAL LABOR RELATIONS BOARD

unconditional offer of reinstatement to its former employee Walker.

 Although Luhrs's remarks to employee Walker on the occasion of their meeting in June of 1973 do not evince the perfect clarity of expression we might wish, we do think that under all the circumstances the language Luhrs used and the response he obtained from Walker make it sufficiently clear that an offer of reinstatement was made and was rejected. The testimony established that Luhrs clearly understood his obligation to make an unconditional offer of reinstatement. Luhrs, whose unimpeached testimony was credited by the administrative law judge, claimed that he "asked [Walker] if he was willing to come back to work for [Kenston]." Walker, after inquiring and learning that his rate of pay upon return would be what it formerly was ($185 gross per week), "laughed at [Luhrs] and showed [Luhrs] his paycheck of what he was making [over $300 net per week]." Luhrs also claims that there was no question in his mind that he had offered Walker "a job to come back to work." As the administrative law judge points out, Luhrs's assertion in this regard is highly credible because, even assuming he really did not have any desire to have Walker return to work at Kenston, there was practically no chance that Walker would have accepted a reduction in pay of well over $100 per week by returning to his former job. Indeed, Walker's laughing response to Luhrs's "offer" underscores the improbability that Walker had any interest in returning to work for Luhrs. Finally, under the Board's own precedents the fact that the offer was cast in terms of a question, a factor which the Board panel majority here seems to find disturbing, is immaterial as long as it is sufficiently clear that the offer was made. *See Moro Motors, Ltd.*, 216 N.L.R.B. 192 (1975).

We thus hold that Kenston is liable only for the backpay owed by it to Walker at the time Walker rejected the company's uncon-

---

4. The administrative law judge found that all the parties agreed that this was the amount of backpay, together with interest, to which

ditional offer of reinstatement. The administrative law judge found that amount to be $2,098,[4] together with interest thereon. Accordingly, paragraph 1 of the Board's order, reproduced in full in note 3 *supra*, is modified by replacing the net backpay of $12,544 indicated there with $2,098. So modified, the Board's order is enforced.

Walker was entitled at the time Walker met with Luhrs.